## Case No. 5,617.

GORDON v. The MARY J. VAUGHAN and The TELEGRAPH.

## Case No. 5,618.

GORDON et al. v. The MARY VAUGHAN.

[8 Int. Rev. Rec. 114.]

Circuit Court, S. D. New York. 1868.

COLLISION—LOSS OF PROPERTY—MEASURE OF DAMAGES.

[Where property is lost through a collision, the measure of damages is the value of the article at the port of shipment.]

[Appeal from the district court of the United States for the Southern district of New York.]

In this case both parties appealed from the decision of Judge Blatchford in the court below [Case No. 9,217]; the libelants [John Gordon and others], on the question of damages; and the respondents [the propeller Mary Vaughan and the steamboat Telegraph] upon the collision.

Mr. Lyon, for libelants.
Mr. Van Santvoord, for the Vaughan.
Mr. Fithian, for the Telegraph.

NELSON, Circuit Justice. This libel was filed by Gordon and others to recover damages for the loss of a quantity of barley shipped from Canada to New York. The barley was in a canal boat at Troy, and taken in tow by the propeller Mary Vaughan for transportation to the city, and, as alleged in the libel, was lost by a collision through the carelessness and mismanagement of the navigation of the Mary Vaughan and steamboat Telegraph, on its way down the North river. The court below, after a careful examination of the proofs, which are very voluminous, condemned the two vessels, and referred the case to a commissioner, to hear evidence and report the amount of the damages. We concur in this decree, as fully supported by the proofs. But, as at present advised, we are unable to concur in the rule adopted by the court in the estimate of these damages. We agree that the value of the article at the port of shipment is the rule established by authority, but doubt as to the principle which has been adopted in carrying it into effect. The value of the barley at the time of the loss at Montreal was seventy cents per bushel, Canada currency. The estimate of value in the present case is according to this currency, denying the right to convert it into the currency of the United States, where the loss occurred and the damages are to be paid. The result is, upon this view, the owner and sufferer fails utterly in his indemnity, as, at the time this barley was purchased and shipped, $1 in Canada currency was equivalent to $2.16 in our currency. So much the purchaser had to pay of our currency per bushel. The indemnity is less than half the actual loss, according to the rule as applied in the case. So great an injustice, and such an inequitable result, would seem strongly to argue some defect in the principle as

applied. At all events, before we can agree to it, we desire a further argument upon the point, and will hear the counsel in the case some day in the coming term of the court.